IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


MARJORY C. STEVENS,                )
                                   )
                    Plaintiff,     )
                                   )   CIVIL ACTION
v.                                 )
                                   )   No. 08-2448-CM-GBC
                                   )
MICHAEL J. ASTRUE,                 )
Commissioner of Social Security,   )
                                   )
                    Defendant.     )
_____)


REPORT AND RECOMMENDATION


     This matter is before the court on the motion of the
Commissioner of Social Security (Commissioner) to dismiss
plaintiff's complaint because of plaintiff's failure to exhaust
her administrative appeal remedies before the agency.  (Doc. 4).
In the Commissioner's view, that failure means there is no final
decision within the meaning of the Social Security Act, 42 U.S.C.
§ 405(g), and the court is without subject matter jurisdiction to
review the Commissioner's dismissal of plaintiff's request for
hearing.  Id.  The case has been referred to this court for a
Report and Recommendation.  (Docs 3, 14).  Briefing is complete
and the matter is ripe for decision.  Although the court finds
that the Commissioner effected a de facto reopening of the
reconsideration determination below, it also finds that it is

without jurisdiction to review the Commissioner's determination that plaintiff (1) missed the deadline to request a hearing as to the reopened reconsideration determination and (2) did not establish good cause to miss the deadline. Therefore, the court recommends the Commissioner's motion be GRANTED and plaintiff's complaint be DISMISSED for lack of subject matter jurisdiction under the Social Security Act.

**I.  Background**

The facts behind this case are unusual. Plaintiff's application for disability insurance benefits, filed on February 14, 2005, was denied initially on July 23, 2005, and after reconsideration on August 5, 2005. On September 10, 2005, plaintiff secured certain medical records which had not been before the state agency when making the reconsideration determination, and submitted those records with a request that the state agency "reopen and reconsider the Reconsideration denial" in plaintiff's case.[1] (Doc. 15) (Response)(Addendum 3).

---

[1]The regulations contemplate that "reopening" applies to a determination or decision which has become "final and binding." 20 C.F.R. § 404.987(a)(emphasis added). When plaintiff first sought "reopening," the reconsideration determination had not become final and binding because the time to request a hearing had not passed. Id. at §§ 404.900, 404.930, 404.934(b). Therefore, there is considerable doubt whether plaintiff's request for "reopening" was proper at that stage of the proceedings. In any case, the request was considered by the state agency. The Commissioner does not address the issue whether the request for reopening was proper when made. His briefing assumes the request was proper, and the court will make the same assumption.

It is not at all clear why plaintiff would seek "reopening" of a reconsideration determination rather than to request a hearing before an administrative law judge (ALJ).  In the usual Social Security case, new evidence is presented to an ALJ, and the regulations require that "Each party shall make every effort to be sure that all material evidence is received by the administrative law judge or is available at the time and place set for the hearing."  Id. at § 404.935.  Moreover, the regulations and the law make clear that a request for reopening that is denied is not subject to the administrative review process and is not subject to judicial review.  Id. at § 404.903(l); Califano v. Sanders, 430 U.S. 99, 107-108 (1977). At all times relevant here, plaintiff has been represented by counsel presumed to know the controlling law.  Nonetheless, counsel requested "reopening" of the reconsideration determination, but did not request an ALJ hearing.

The state agency denied the request to reopen in a notice dated September 29, 2006, and informed plaintiff that "the decision on your application remains unchanged." (Response)(Addendum 5, p.1).[2]  The notice did not state that the

---

[2]Plaintiff has invoked the jurisdiction of the court pursuant to 42 U.S.C. § 405(g), and the Commissioner denies such jurisdiction.  To the extent necessary to determine its jurisdiction, the court must review the administrative record. Farley v. Califano, 599 F.2d 606, 608, n.4 (4th Cir. 1979).  With his motion to dismiss, the Commissioner included a Declaration of the Acting Chief of the Social Security Administration's Court

-3-

unchanged decision could be appealed.  Id.  Thereafter, plaintiff requested an ALJ hearing in a letter dated December 6, 2006. (Response)(Addendum 6).  In the letter, plaintiff sought "'good cause' for late filing of Claimant's Request for Hearing on the aforementioned claim [for Social Security disability benefits,]" and argued that the September 10, 2005 request for reopening the reconsideration determination was an "implied" request for hearing.  Id.

On January 29, 2008 ALJ Peggy M. Zirlin issued an order dismissing plaintiff's request for hearing.  (Doc. 5)(Comm'r Mem.)(Attch. 1, pp. 4-7).  Plaintiff requested and, on Aug. 15, 2008, was denied Appeals Council review of the Order of

_____

Case Preparation and Review Branch, a copy of the Jan. 29, 2008 notice and Order of Dismissal, and a copy of the "Notice of Appeals Council Action," dated Aug. 15, 2008.  (Doc. 5)(Comm'r Mem.)(Attch. 1).  With her response, plaintiff included nineteen addenda.  Addendum 1 through addendum 8 consist of copies of: the Jun. 23, 2005 notice of the initial determination; the Aug. 5, 2005 notice of the reconsideration determination; counsel's Sept. 10, 2005 letter requesting reopening of the reconsideration determination; counsel's Oct. 25, 2005 letter; the agency's Sept. 29, 2006 denial of the request to reopen; counsel's letter, dated Dec. 6, 2006; the Jan. 29, 2008 Order of Dismissal; and the "Notice of Appeals Council Action," dated Aug. 15, 2008. (Response)(Addenda 1-8).  Neither party objects to any of the documents included with the other party's briefs, or to any of the facts asserted therein.  Therefore, in deciding the question of its jurisdiction, the court has considered these documents. Addendum 9 through addendum 19 to plaintiff's response are copies of other documents which may have been included in the record below, or may have been submitted with plaintiff's request to reopen.  (Response)(Addenda 9-19).  In either case, because the court determines it does not have jurisdiction to review the decision below, the court has not considered those documents.

Dismissal.  Id., Attch. 1 at pp. 8-9.  In denying the request, the Appeals Council did not assert that the "Order of Dismissal" was a "final decision," or mention any right to judicial review of the order.  Id.  On September 19, 2008, plaintiff filed her complaint in this court.  (Doc. 1).  The Commissioner responded by asserting that the court is without jurisdiction because plaintiff failed to exhaust administrative remedies with the Social Security Administration.  (Comm'r Mem.).

**II.  Legal Standard Regarding Jurisdiction and Reopening**

The sole basis for federal court jurisdiction in Social Security cases arises under 42 U.S.C. § 405(g).  Brandtner v. Dep't of Health and Human Servs., 150 F.3d 1306, (10th Cir. 1998) (citing Reed v. Heckler, 756 F.2d 779, 782 (10th Cir. 1985).  As explained in Reed, 42 U.S.C. § 405(h) bars federal question jurisdiction in suits challenging denial of claimed Social Security benefits.  Reed, 756 F.2d at 782 (citing Weinberger v. Salfi, 422 U.S. 749 (1975)).  Therefore, 42 U.S.C. § 405(g) provides the only means of judicial review of such claims.  Mathews v. Eldridge, 424 U.S. 319, 327 (1976).  In 1977, the Supreme Court further held that the Administrative Procedures Act does not provide an implied grant of subject-matter jurisdiction for review of the actions of the Social Security Administration.  Sanders, 430 U.S. at 107.

-5-

The Court in <u>Sanders</u> held that 42 U.S.C. § 405(g) limits federal judicial review to only final decisions of the Commissioner made after a hearing, and that a decision by the Commissioner not to reopen a case is not a "final decision of the Secretary made after hearing," and is, therefore, not reviewable by federal courts. <u>Id.</u>, at 108.  Where the Commissioner's refusal to reopen is itself challenged on constitutional grounds, however, the court may have jurisdiction to review the allegedly unconstitutional refusal. <u>Id.</u>, at 109.  The <u>Sanders</u> decision has been interpreted by the Tenth Circuit to cover situations in which the Commissioner has found "no good cause" for an untimely request for hearing. <u>White v. Schweiker</u>, 725 F.2d 91, 93 (10th Cir. 1984).  The decision not to reopen is unreviewable "whether or not the SSA held a hearing on whether good cause for the late filing was shown." <u>Id.</u>  As the <u>Sanders</u> Court stated,

> Congress' determination so to limit judicial review to
> the original decision denying benefits is a policy
> choice obviously designed to forestall repetitive or
> belated litigation of stale eligibility claims.  Our
> duty, of course, is to respect that choice.

430 U.S. at 108.

Where the Commissioner does not apply <u>res judicata</u>, but has, in fact, reopened the case by reviewing the case on the merits and considering additional evidence, the court has jurisdiction to review the case. <u>Brown v. Sullivan</u>, 912 F.2d 1194, 1196 (10th

-6-

Cir. 1990) (citing <u>Taylor ex rel. Peck v. Heckler</u>, 738 F.2d 1112, 1114-15 (10th Cir. 1984)).

**III. The Parties' Arguments**

In his memorandum, the Commissioner argued that plaintiff "filed a request for hearing on Dec. 12, 2006, more than 65 days after SSA's denial of Plaintiff's request to reopen the reconsideration determination.  Accordingly, Plaintiff has not exhausted administrative appeals remedies as required to obtain a 'final decision' and Plaintiff's complaint must be dismissed." (Comm'r Mem. 5)(citations omitted).  The Commissioner argued that plaintiff has not alleged any permissible basis to waive the exhaustion requirement, and the court is without jurisdiction to review the Commissioner's determination that plaintiff did not have "good cause" to extend the deadline.  <u>Id.</u> at 6-7.

Plaintiff responded, asserting that when plaintiff requested reopening, the Commissioner considered the new evidence presented in addition to the existing evidence and made a decision based upon the merits of the case, and thus worked a <u>de facto</u> reopening of the reconsideration determination.  (Response 6-8)(citing <u>Taylor ex rel. Peck v. Heckler</u>, 738 F.2d 1112 (10th Cir. 1984)). She argued that the sixty-day period for requesting a hearing after the reopened reconsideration determination began on October 27, 2006 when she received the notice dated September 29, 2006, and that her subsequent request for hearing was timely.  <u>Id.</u> at

-7-

5.  In any case, she argues, this fact is of little import because the September 29, 2006 notice provided no right of appeal and "the appeal period had effectively expired almost a year earlier on October 9, 2005, 65 days after the issuance of the August 5, 2005 [reconsideration determination notice] letter denying Plaintiff's disability claim."  Id.  She argues that after the de facto reopening she was entitled to an administrative hearing and the Commissioner's refusal to provide a hearing constitutes a denial of her due process rights pursuant to the Fifth Amendment of the Constitution.  Id. at 10.

     In his reply, the Commissioner distinguished Taylor, arguing that Taylor dealt with a de facto reopening resulting from an ALJ's review of a case on the merits which included a hearing, not with an agency review on the merits undertaken in response to a request to reopen a reconsideration determination.  (Reply, 6). The Commissioner acknowledged plaintiff's assertion that her request for hearing was timely because the notice had not been received until October 27, 2006 and, in an argument inconsistent with that in his memorandum, agreed with plaintiff and argued that timely filing of a request for hearing must be calculated from the original reconsideration notice dated August 5, 2005, and that plaintiff's request for hearing was untimely because it was filed more than a year too late.  Id. at 6-7.  The Commissioner argued that plaintiff's due process rights were

-8-

amply protected by the administrative process and plaintiff in effect forfeited her right to a hearing by failing to properly pursue administrative remedies. <u>Id.</u> at 8-9.

Plaintiff filed a surreply brief arguing that the only two issues here are <u>de facto</u> reopening and denial of due process. (Surreply 2). She noted that the Commissioner did not deny that the evidence submitted for reopening was new and material, and was considered by the state agency in its decision. <u>Id.</u> at 3. She argued that reviewing the case on its merits, even at the level of the state agency reconsideration determination constituted a <u>de facto</u> reopening of the case in accordance with <u>Taylor</u>.

**IV.  Whether the Commissioner Reopened the Case by Reviewing It on the Merits at the Reconsideration Level**

In a "Social Security Notice" dated September 29, 2006, the Social Security Administration (SSA) noted that it had received the additional medical evidence submitted by plaintiff and had "reviewed the evidence in your case and find that the prior determination made on your application is proper and in accordance with the law.  Therefore, the decision on your application remains unchanged." (Response)(Addendum 5). The notice identified the additional reports provided by plaintiff and "used to decide your claim in addition to those listed in" the previous notice. <u>Id.</u> SSA noted that "additional records were provided and reviewed." <u>Id.</u> Perhaps most telling of all,

the notice stated, "We had your claim independently reviewed by a physician and disability specialist in the State agency which works with us in making disability determinations." Id. Thus, the notice reveals: (1) That an independent review was made of all the evidence relating to plaintiff's application including that previously submitted and the new evidence submitted with the request for reopening. And, (2) that after the independent review the SSA did not find plaintiff disabled, found the earlier determination proper, and left the original reconsideration determination unchanged. Although the notice does not speak of any appeal rights, it does not specifically preclude appeal, and more importantly does not state that plaintiff's request to reopen was denied or that the reconsideration determination was not reopened. In these circumstances, there can be no doubt that the SSA reviewed the reconsideration determination on the merits. It stated it had done an independent review based upon all of the evidence and determined plaintiff was not disabled.

Moreover, as plaintiff noted in his surreply, the Commissioner did not argue that the determination was not reviewed on the merits. Rather, he attempted to distinguish this case from Taylor by arguing that Taylor requires review on the merits by an ALJ, whereas in this case there was review on the merits at the reconsideration level. He argued, "Tayler v. Heckler does not stand for the proposition that a review of the

merits conducted by the [State agency] on a request to reopen a
reconsideration decision results in appeal rights." (Reply 6).
The court does not agree.

The Commissioner is correct that it was an ALJ who was found
to have worked a de facto reopening in Taylor. Taylor, 738 F.2d
1112, at 1114-1115. Moreover, it was the district court not the
ALJ in Taylor who found the earlier decision was res judicata as
to the questions at issue. Id. at 1114. Nonetheless, the Taylor
court found that it was the act of reviewing the case on the
merits and considering the new evidence which permitted a
reopening of the prior proceedings. Id. at 1115(citing Brown v.
Heckler, 565 F.Supp, 72, 74 (E.D. Wis. 1983)). It did not rely
on the fact that the review and consideration was done by the ALJ
as opposed to some other level of review. In fact, as plaintiff
points out, the Taylor court quoted from a Fourth Circuit
decision of "present pertinency:"

> [E]ven though the subsequent claim be the same claim
> for res judicata purposes, if it has nevertheless been
> reconsidered on the merits to any extent and at any
> administrative level, it is thereupon properly treated
> as having been, to that extent, reopened as a matter of
> administrative discretion .... In that event a final
> decision of the Secretary denying the claim is also
> subject to judicial review to the extent of the
> reopening, without regard to the expressed basis for
> the Secretary's denial.

Taylor, 738 F.2d at 1115(quoting McGowen v. Harris, 666 F.2d 60,
65-55 (4th Cir. 1982))(emphasis added). This understanding is
strengthened by reference to the regulations. A request for

reopening may be made regarding <u>determinations</u> or <u>decisions</u>.  20
C.F.R. §§ 404.987-404.996; <u>see also</u>, 20 C.F.R.
§ 404.901("<u>Determination</u> means the initial determination or the
reconsideration determination.").  Thus, a case may be reopened
at the initial or the reconsideration levels, or at the ALJ or
Appeals Council level.  The court finds that the SSA's review of
the reconsideration determination on its merits worked a <u>de facto</u>
reopening of that determination, and plaintiff was entitled to a
hearing on the reopened reconsideration determination.

**V.   Whether Dismissal of Plaintiff's Hearing Request Constitutes
      a Denial of Due Process Under the Fifth Amendment**

     As discussed above, plaintiff requested an ALJ hearing on
her Social Security claim in a letter dated December 6, 2006.
(Response)(Addendum 6).  On January 29, 2008, the ALJ issued an
"Order of Dismissal."  (Response)(Addendum 7); (Comm'r
Mem.)(Attch. 1, 4-7).  In the order, the ALJ discussed the
background of the case up to that point in time.  <u>Id.</u>
Specifically, she noted that after the September 29, 2006 Social
Security Notice, "the claimant filed a request for hearing on
December 12, 2006, which was more than 65 days after the Social
Security determination denying the request to reopen the
reconsideration determination." <u>Id.</u> (Addendum 7, 1)(Attch 1,
6).  She summarized the law applicable to her determination:
(1) a request for hearing may be dismissed if the claimant has no
right to the hearing; and (2) a request for hearing may be

-12-

dismissed if not timely filed and if no extension has been granted.  Id.(citing 20 C.F.R. §§ 404.901, 404.911, 404.930, 404.933, 404.957).

The ALJ first explained that the request for hearing was filed untimely because it was filed more than sixty-five days after the reconsideration determination, dated August 5, 2005.[3] She then discussed plaintiff's argument that the September 10, 2005 request to reopen was an "implied" request for hearing, sufficient to provide good cause to extend the time for filing a request for hearing.  She noted that plaintiff's counsel chose to request reopening of the reconsideration determination rather than to request a hearing, and the regulations provide that a decision to deny reopening is not subject to review.  She then concluded:  "The attorney, however, provided no basis for finding good cause, other than the failed attempt to seek a reopening of the reconsideration determination, rather than filing a request for hearing on the reconsideration."  (Comm'r Mem.)(Attch. 1, 7); (Response)(Addendum 7, 2).

As discussed above in Section IV, and contrary to the AlJ's findings, the reconsideration determination was, in fact,

---

[3]As the ALJ explained, a claimant has sixty days after receipt of a notice to request a hearing, and receipt is presumed to have occurred within five days after the date of the notice unless the claimant establishes she did not receive the notice within the five-day period.  20 C.F.R. §§ 404.901, and 404.933(b).

reopened, and, consequently, plaintiff had the right to request a hearing on the reopened determination.  However, the ALJ also based her "Order of Dismissal" on the alternative finding that plaintiff's request for hearing, filed December 12, 2006, was not timely filed within sixty days after receiving the September 29, 2006 notice of denial of the request for reopening.  Id.  She stated, "The claimant and the representative do not provide any reasons for the late filing."  Id.  She continued, "Thus, even though their strategy was to file a request for hearing, even if one was not due, they did not do that in a timely manner."  Id. in the final paragraph of the dismissal order, the ALJ stated:

> Because the claimant does not have a right to a hearing on the determination to deny the request to reopen the reconsideration determination, and because the request for hearing was not filed within the stated time period, and because the claimant has not established good cause for missing the deadline to request a hearing, the request for hearing dated December 12, 2006 is dismissed and the reconsideration determination dated August 5, 2005 remains in effect.

Id.(emphasis added).

The ALJ's dismissal was grounded in two alternative bases. (1) Reopening was denied and consequently there was no right to a hearing; and (2) if there is a right to a hearing, plaintiff's request was untimely, and no justifiable excuse was given for missing the deadline.

The Social Security notice at issue was dated September 29, 2006.  Sixty five days thereafter was Sunday, December 3, 2006.

-14-

Therefore, a timely request for hearing must have been filed no
later than December 4, 2006.  According to the "Order of
Dismissal," plaintiff's request was not filed till December 12,
2006.[4]  The request was untimely filed.  By failing to file a
timely request for hearing, plaintiff forfeited her right to a
hearing on the reopened reconsideration determination.

In an effort to save her right, plaintiff points to a
"Received" stamp on her copy of the September 29, 2006 Social
Security notice and asserts that she did not receive the notice
till October 27, 2006, and, therefore, the request for hearing
was timely filed within sixty days.  (Response 5).  The problem
is that this assertion, presented for the first time to this
court, is too late.  Plaintiff presents no evidence whatever that
she made any argument or presented any evidence to the ALJ that
her request was timely with respect to the September 29th notice.
Himes v. Sec'y of Health and Human Servs., 983 F.2d 67, 70 (6th
Cir. 1993).  The presumption is that receipt occurred within five
days after the date of the notice "unless you show us that you
did not receive it within the 5-day period."  20 C.F.R.
§ 404.901.  As quoted above, specifically regarding the September
29, 2006 notice, the ALJ stated, "The claimant and the
representative do not provide any reasons for the late filing."
(Comm'r Mem.)(Attach. 1, 7); (Response)(Addendum 7, 2).  Before

---

[4]Even if filed when dated, December 6, it was untimely.

the ALJ, plaintiff did not attempt to rebut the presumption(of receipt within five days of the notice date), and may not do so now.  As the Tenth Circuit has noted, when an ALJ finds a claimant has not shown "good cause" for an untimely request for hearing, "the district court would clearly lack jurisdiction to review either the good cause determination or the merits."  White v. Schweiker, 725 F.2d at 93.  This is just such a case.  Because the ALJ based her dismissal on a finding that plaintiff's request for hearing was filed more than sixty days after receipt of the September 29, 2006 notice, and without good cause for the delay, the court finds it is without jurisdiction to review the ALJ's findings regarding the untimely request for hearing.

Plaintiff argues that the refusal to provide a hearing violates her constitutional due process right "to be heard at a meaningful time and in a meaningful manner."  (Response 11)(quoting Matthews v. Eldridge, 424 U.S. 319, 328 (1976))(internal quotation to Armstrong v. Manzo omitted). However, due process of law is a protection against governmental deprivation of life, liberty, or property.  Armstrong v. Manzo, 380 U.S. 545, 550 (1965).  Plaintiff does not allege an interest of which she has been deprived by the Commissioner's proceedings. Plaintiff argues that she has a right to a hearing, but she does not explain the basis for a property interest in such a hearing. The interest found to be protected by the due process clause in

-16-

Matthews was "a statutorily created 'property' interest" in continued receipt of his Social Security benefits.  Matthews, 424 U.S. at 332(emphases added).  In Matthews, the claimant had received Social Security benefits for about four years, and the agency determined he was no longer disabled and terminated his benefits without providing a pretermination hearing.  Id. 424 U.S. at 324-25.  Here, plaintiff has not been awarded benefits, so she does not have a property interest in the continued receipt of those benefits.

The only irregularity of which plaintiff might legitimately complain is the ALJ's finding that her request for hearing was untimely despite the "fact" that she received the notice more than five days after it was dated.  However, she failed to provide the ALJ with evidence to rebut the regulatory presumption of receipt, and she makes no colorable constitutional argument against either the regulatory presumption or Congress's statutory decision to withhold jurisdiction from the federal courts to review actions of the Commissioner which are not "final decisions."  (Such as the dismissal of a request for hearing because it was untimely filed.)  Moreover, other than the right to a hearing on the reopened reconsideration determination(which plaintiff forfeited by an untimely request), plaintiff does not allege any violation of the regulations in the ALJ's dismissal of

the request for hearing.  <u>Estate of Lego v. Leavitt</u>, 244 Fed.
Appx 227, 232 (10th Cir. 2007).

Whether there has been a "final decision" which the court
has jurisdiction to review is determined by application of the
regulations.  Although the Commissioner worked a <u>de facto</u>
reopening of the reconsideration determination, plaintiff
forfeited her right to a hearing on the reopened determination by
failing to make a timely request for hearing in accordance with
the regulations.  Therefore, she has not exhausted administrative
appeal remedies as the Commissioner argues.  As the Supreme Court
stated in <u>Sanders</u>,

> Congress' determination so to limit judicial review to
> the original decision denying benefits is a policy
> choice obviously designed to forestall repetitive or
> belated litigation of stale eligibility claims.  Our
> duty, of course, is to respect that choice.

<u>Sanders,</u> 430 U.S. at 108.

**IT IS THEREFORE RECOMMENDED** that the Commissioner's motion
to dismiss (Doc. 4) be GRANTED and this action be accordingly
DISMISSED for lack of subject matter jurisdiction.

Copies of this recommendation and report shall be delivered
to counsel of record for the parties.  Pursuant to 28 U.S.C.
§ 636(b)(1), Fed. R. Civ. P. 72(b), and D. Kan. Rule 72.1.4, the
parties may serve and file written objections to this
recommendation within ten days after being served with a copy.
Failure to timely file objections with the court will be deemed a

waiver of appellate review.  <u>Morales-Fernandez v. INS</u>, 418 F.3d 1116, 1119 (10th Cir. 2005).

Dated this <u>26th</u> day of August 2009, at Wichita, Kansas.


<u>s:\  Gerald B. Cohn</u>
**GERALD B. COHN**
**United States Magistrate Judge**