# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**MARJORY C. STEVENS,**            )
                                    )
   **Plaintiff,**    )
                                    )
                                    )
v.                                  )  Case No. 08-2448-CM
                                    )
                                    )
**MICHAEL J. ASTRUE,**              )
**Commissioner of Social Security,** )
                                    )
   **Defendant.**    )
_____)

## ORDER

Plaintiff seeks review of defendant's denial of disability insurance benefits and supplemental security income payments. 42 U.S.C. §§ 405(g) and 1383(c)(3) *et seq*. Defendant filed a Motion to Dismiss for Lack of Jurisdiction (Doc. 4). The court referred the matter to Magistrate Judge Gerald Cohn for a report and recommendation. Pending before the court is the Report and Recommendation of Magistrate Judge Cohn (Doc. 18). Plaintiff filed objections to the Report and Recommendation (Doc. 19), and defendant responded (Doc. 22).

**I. Procedural History**

Plaintiff's original claim for benefits was denied in June, 2005. Plaintiff filed a request for reconsideration, which was denied in August, 2005. Rather than filing a request for hearing, plaintiff filed another request for "reconsideration or reopening," providing the Commissioner with new medical evidence. This request for reconsideration was denied on September 29, 2006. Plaintiff's subsequent request for hearing was dismissed as untimely, and the Appeals Council

denied review. Plaintiff then filed a claim in this court. Defendant filed a motion to dismiss for lack of subject matter jurisdiction, which is currently pending before the court. The magistrate judge found that the Commissioner did effect a *de facto* reopening of plaintiff's claim, but that plaintiff's failure to exhaust her administrative appeal remedies precluded review by the court. The magistrate judge recommended that this court grant defendant's motion to dismiss for lack of subject matter jurisdiction.

Plaintiff objects to the following findings of the magistrate judge: (1) that the Commissioner failed to give plaintiff proper notice of her appeal rights in the September 29, 2006 decision, (2) that plaintiff filed an untimely notice of appeal, and (3) that plaintiff had no colorable constitutional claim for benefits, and therefore, there was no violation of plaintiff's constitutional rights to otherwise confer jurisdiction. Defendant agrees with the recommendation of dismissal but objects to the magistrate judge's finding that there was a *de facto* reopening of the commissioner's earlier decision.

## II.  Standard of Review

When reviewing a magistrate judge's report and recommendation, the district judge reviews *de novo* the findings that pertain only to the objections. 28 U.S.C. § 636(b)(1)(C). The district court must "consider relevant evidence of record and not merely review the magistrate judge's recommendation." *In re Griego*, 64 F.3d 580, 584 (10th Cir. 1995). Further, the district judge is given discretion whether to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). After a thorough review of the record and for the reasons stated below, this court sustains in part and overrules in part

plaintiff's objections, but ultimately adopts the magistrate judge's report and recommendation and dismisses the matter for lack of subject matter jurisdiction.

## III. Analysis

<u>Subject Matter Jurisdiction</u>

Pursuant to 42 U.S.C. § 405, "any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." The Supreme Court's decision in *Califano v. Sanders*, "clearly limits judicial review to a particular type of agency action, a 'final decision of the Secretary made after a hearing.'" 430 U.S. 99, 108 (1977) (quoting § 205(g)). However, if the Commissioner's refusal to reopen is itself challenged on constitutional grounds, then the court could have jurisdiction to review the refusal. *Id*. 430 U.S. at 109. In other words, a determination – like the one here – that there is not good cause for an untimely-filed request, is not reviewable unless it falls under the following two exceptions: (1) when a Commissioner's decision effects a *de facto* reopening of the prior decision, and/or (2) when petitioner presents a colorable constitutional claim. *Finan v. Barhart*, 327 F. Supp. 2d 1303, 1305 (D. Kan. 2004). The following questions are currently before this court: (1) did the Commissioner, in fact, effect a *de facto* reopening of the prior reconsideration opinion, (2) did the Commissioner give plaintiff proper notice of her appeal rights, (3) does improper notice of a plaintiff's appeal rights give rise to a due process claim/constitutional, and (4) was plaintiff's appeal timely filed, and if not, did she provide good cause for her untimeliness?

**1. Did the Commissioner, in fact, effect a *de facto* reopening of the prior reconsideration opinion?**

The magistrate judge found that even though the Commissioner had, in fact, effected a *de facto* reopening of plaintiff's August 2005 reconsideration decision, the court does not have jurisdiction to review plaintiff's case. Defendant objects to the magistrate judge's finding that a *de facto* reopening occurred because the Commissioner "did not expressly reopen" the prior decision, and that the decision of the Commissioner had remained unchanged. (Doc. 22, at 8.) Plaintiff argues that the court is within its jurisdiction to review her case because a *de facto* reopening of a decision is judicially reviewable.

A decision not to reopen a case is reviewable when a Commissioner's decision effects a *de facto* reopening of a previous decision. *Finan v. Barnhart*, 327 F. Supp. 2d 1303, 1306 (D. Kan. 2004); *Taylor ex rel. Peck v. Heckler*, 738 F.2d 1112, 1115 (10th Cir. 1984) (holding that the ALJ reopened the prior decision, thereby making the decision judicially reviewable on the merits). In determining whether the Commissioner effected a *de facto* reopening of a prior decision, the court looks to whether the Commissioner reviewed the merits of a prior claim. *See Hejny v. Shalala,* No. 92-1156, 1993 WL 153204 *5 (D. Kan. April 6, 1993) ("If the ALJ considers the merits of the first application and reappraises the evidence without deciding the administrative *res judicata* issue, this constitutes a *de facto* reopening of the application. However, the application is not reopened if the ALJ merely reviews previously submitted evidence as background information and does not reappraise the evidence." (internal citations omitted)); *Dugan v. Sullivan,* No. 89-1121-SAC, 1991 WL 105230, *4 (D. Kan. May 31, 1991); *Harkins v. Bowen,* No. 85-1511, 1989 WL 9337, *4 (D. Kan. Jan. 3, 1989). The Tenth Circuit has recognized an exception to the general rule regarding

reopening claims that were finally adjudicated but have now effectively been reconsidered at the administrative level. "[E]ven though the subsequent claim [is] the same claim for *res judicata* purposes, if it has nevertheless been reconsidered on the merits to any extent and at any administrative level, it is thereupon properly treated as having been, to that extent, reopened as a matter of administrative discretion" which is then "subject to judicial review to the extent of the reopening, without regard to the expressed basis for the Secretary's denial." *Devereaux v. Chater*, 78 F.3d 597, 1996 WL 98956, *2 – 3 (10th Cir. 1996) (unpublished table decision) (quoting *Taylor*, 738 F.2d at 1115 (internal quotations omitted)).

The Commissioner specifically noted in the September 29, 2006 decision that "additional records were provided and reviewed," and that the claim was "independently reviewed by a physician and disability specialist in the State agency." (Doc. 15-5.) Further, the Commissioner did not specifically decline to reopen the previous decision, but noted, rather, that after reviewing the new information and prior evidence, the decision remained unchanged. *Id.*; *Taylor*, 738 F.2d at 1115. This court agrees with the magistrate judge that there was a *de facto* reopening of the matter, and finds September 29, 2006 as the date which began the tolling of plaintiff's sixty-day appeal period.

**2.    Did the Commissioner provide proper notice to plaintiff of her appeal rights?**

The magistrate judge did not discuss at length whether the Commissioner provided proper notice to the plaintiff, but rather focused on whether plaintiff's notice argument rose to the level of a due process claim. Plaintiff argues that she was constitutionally entitled to proper notice of her appeal rights, especially upon a finding that the Commissioner effected a *de facto* reopening of its

reconsideration decision.  Defendant objects on the basis that plaintiff was informed of her appeal rights in the August 2005 decision and that plaintiff did not timely request a hearing at that time, but rather filed a request for reconsideration of the August 2005 decision.

Pursuant to 20 C.F.R. § 404.901, a claimant is entitled to a hearing before an administrative law judge upon dissatisfaction of a reconsideration determination, after which a request for review may be made to the Appeals Council.  It is only after that a claimant can request judicial review.  20 C.F.R. § 422.210.  The Commissioner shall notify the parties of their right to a hearing in the written notice of the reconsidered determination.  20 C.F.R. § 404.922.  A claimant's request for hearing must be made within sixty days after receipt of this notice of the previous decision.  20 C.F.R. § 422.210(c).  Notice of the Commissioner's decision is presumed to have been received within five days of the date of the decision unless the claimant establishes that the decision was not received within that time.  20 C.F.R. § 404.901.  A claimant can lose the right to further administrative review if the claimant does not take the necessary steps within the review process absent a showing of good cause for failure to timely request a review.  20 C.F.R. § 404.901(b).

In the August 2005 reconsideration decision, the Commissioner informed plaintiff of her right to appeal the decision within sixty days.  (Doc. 15-2, at 2.)  However, in the September 29, 2006 decision on plaintiff's request for reconsideration of the August 2005 decision, the Commissioner did not specifically provide information about her appeal rights.  The Commissioner simply informed plaintiff that if she had any questions, she could contact the phone number and/or write or visit the local social security office, which were provided to plaintiff in the notice.  (Doc. 15-5 at 1-2.)

Presumably, the Commissioner's failure to inform plaintiff of her right to appeal the September 29, 2006 decision was based on the mistaken belief that the Commissioner had not effected a *de facto* reopening of the previous reconsideration decision. Nonetheless, this court finds that there was a *de facto* reopening, and therefore, the notice provided was deficient. The court sustains this objection, and finds that plaintiff was not given proper notice of her appeal rights in the September 29, 2006 decision.

**3.    Does improper notice of a plaintiff's appeal rights give rise to a due process/constitutional claim?**

Does plaintiff have an interest to which due process would apply?

The magistrate judge found that plaintiff did not have a constitutionally protected property right in her disability benefits and, therefore, had no judicially reviewable colorable constitutional claim because she had not already been awarded benefits. (Doc. 18, at 17.) Plaintiff argues that in *Richardson v. Perales*, 402 U.S. 389, 401–02 (1971), circuit courts have found that claims for Social Security benefits are considered to be a property interest, constitutionally protected under the due process clause, and believes that she has a property interest in her claim for denial of benefits. (Doc. 19, at 11–13.)

The Tenth Circuit, along with other circuits, has followed the Supreme Court's holding in *Califano v. Sanders*, 430 U.S. 99 (1977), recognizing an exception to the administrative exhaustion requirement if plaintiff has a "colorable" constitutional claim. *Califano v. Sanders*, 430 U.S. 99, 109 (1977); *See also Nelson v. Sec'y of Health & Human Servs.*, 927 F.2d 1109, 1111 (10th Cir. 1990); *Brandyburg v. Sullivan*, 959 F.2d 555, 562 (5th Cir. 1992) ("A constitutional claim is not colorable

if it clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction . . . is wholly insubstantial or frivolous."); *Hoye v. Sullivan*, 985 F.2d 990, 991–92 (9th Cir. 1992). The Supreme Court in *Califano* rejected the colorable constitutional claim argument and noted that "the claimant was seeking 'only an additional opportunity to establish that [petitioner] satisfies the Social Security Act's eligibility standards for disability benefits,' something for which '§ 205(g) [42 U.S.C. § 405(h)] does not afford subject-matter jurisdiction.'" *Finan v. Barnhart*, 327 F. Supp. 2d 1303, 1307 (D. Kan. 2004) (quoting *Califano*, 430 U.S. at 109).

The magistrate judge concluded that there is no property right in a claim for benefits, as opposed to the "statutorily created 'property interest'" in a deprivation of rights that would arise by the termination of benefits already being received. (Doc. 18, at 16–17.) *See Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). This court agrees and distinguishes plaintiff in this matter from the plaintiff in *Mathews*. In *Mathews*, plaintiff had been awarded benefits, and was denied a right to hearing on the termination of those benefits. Plaintiff in this instance has not received an award for benefits, but rather had been denied benefits on three occasions: (1) her original application, (2) her request for reconsideration of the original application and (3) her request for reconsideration of the reconsideration decision. Plaintiff's property right argument is simply another opportunity for plaintiff to argue her case for review of the Commissioner's denial of her benefits. Therefore, this court finds that plaintiff has not proven that she has a property interest in a denial of benefits claim.

<u>Does insufficient notice rise to the level of a colorable constitutional claim?</u>

However, if this court were to find that plaintiff did have a property interest in benefits that is protected by due process, she has failed to establish that the insufficient notice of her appeal rights

rises to the level of a colorable constitutional claim. An inadequate or misleading notice may violate a claimant's Fifth Amendment right to due process. *Walje v. Shalala*, No. 93-2483-EEO, 1994 WL 477254 (D. Kan. 1994). A question of constitutional significance is raised where a claimant alleges denial of benefits without due process. *Id.* at \*2; *See, e.g., Califano*, 430 U.S. at 108; *Gonzalez v. Sullivan*, 914 F.2d 1197 (9th Cir. 1990); *Fortner v. Shalala*, Civ. A. No. 92-2217-0, 1993 WL 141905, \*2 (D. Kan. April 23, 1993) (citations omitted). However, it is the plaintiff's burden to establish that there is a causal connection between an injury and the "allegedly deficient denial notice," and that plaintiff detrimentally relied on the "challenged language in the denial notice." *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995); *see Burks-Marshall v. Shalala*, 7 F.3d 1346, 1349 (8th Cir. 1993); *Day v. Shalala*, 23 F.3d. 1052, 1066 (6th Cir. 1994).

Plaintiff argues that she relied to her detriment on the September 29, 2006 notice and believed that she had no right to appeal the Commissioner's decision. (Doc. 19, at 6.) However, the court's review of the record does not support a finding of detrimental reliance, or the required causal connection. Plaintiff has not provided a colorable constitutional claim that is reviewable by this court and the court dismisses the action for lack of subject matter jurisdiction. At this point, the court need not address whether plaintiff provided good cause for the untimely request for hearing after the September 29, 2006 decision because the court does not have jurisdiction to review plaintiff's claim.

After reviewing the entire record *de novo*, this court accepts the magistrate judge's finding that there was a *de facto* reopening of the Commissioner's reconsideration decision, sustains plaintiff's objection that she did not receive proper appeal notice of the decision, but overrules

plaintiff's objection that this court lacks jurisdiction to review this claim, finding that plaintiff does not have a colorable constitutional claim for her benefits that is judicially reviewable.

**IT IS THEREFORE ORDERED** that plaintiff's Objection to the Magistrate Judge's Report and Recommendation (Doc. 19) is sustained in part and overruled in part.

**IT IS FURTHER ORDERED** that the August 26, 2009 Report and Recommendation (Doc. 18) is hereby adopted and the case shall be dismissed for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction is granted.

Dated this 13th day of January, 2010 at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**